**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

JOHN ARBUCKLE,

        Petitioner,

v.                                       Civ.No. 97-0615 LH/WWD

DONALD DORSEY, Warden,

        Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.   THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed April 30, 1997.  The Federal Public Defender was assigned to represent petitioner.  A jury found Arbuckle and Lorraine Brown[1] guilty of child abuse visited on their 10 week-old infant daughter, resulting in multiple injuries including numerous broken bones and bruises.  He is currently confined pursuant to the judgment, sentence and commitment of the Eleventh Judicial District, County of McKinley, for the crimes of Child Abuse Resulting in Great Bodily Harm.  He now challenges that judgment and sentence.

    2.   Respondent concedes that Petitioner has exhausted his state remedies.  Arbuckle's grounds for relief are:

    (1) The admission of the statements of the co-defendant violated Petitioner's Sixth Amendment right of confrontation;

    (2) If Petitioner's counsel failed to preserve the confrontation claim adequately, he rendered ineffective assistance of counsel under the Sixth Amendment's Confrontation Clause;

_____

    [1]  Ms. Brown has also filed a federal habeas petition, Civ. No. 98-211.

(3) Petitioner's Sixth Amendment confrontation right was violated by the trial court's denial of the defendants' objection to the joinder of the two defendants for trial;

(4) Any procedural default found to exist by this Court should be excused on the basis of cause and prejudice or a fundamental miscarriage of justice;

(5) The cumulative effect of counsel's errors was to deny Arbuckle a fair trial;

(6) Petitioner was denied his Sixth Amendment right to effective assistance of appellate counsel by his counsel's failure to research effectively and advocate his appellate issues.

3.   Defendant and Ms. Brown, his co-defendant, were each charged with one count of child abuse under the alternative theories that "either the father did it and the mother knew about it and was covering it up, or that she did it and he was covering up child abuse."  Ans., Ex. L at 2 (N.M.Ct. of App. Mem. Op.)

**Grounds I and III - Procedural Default**

4.   In his brief, Petitioner raises for the first time allegations of error by the trial court concerning admission of Brown's statements in violation of his Sixth Amendment right of confrontation.  These issues were not only never presented to the state court, but were also not included in the petition.

5.   Petitioner does not dispute this in his reply brief, but instead asks the Court to consider the Sixth Amendment claims under ineffective assistance of counsel.  Therefore, Grounds I and III, as presented in Petitioner's memorandum brief, should be procedurally defaulted.  See Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998) (New Mexico courts have "consistently and even handedly applied the rule waiving issues not raised on direct appeal for purposes of post-conviction relief.").  My finding is not inconsistent with the Respondent's conceding exhaustion because exhaustion was conceded only as to those issues raised in the

habeas petition, none of which concerned the Confrontation Clause.  However, in New Mexico,
habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of
counsel claims).  See Duncan v. Kerby, 115 N.M. 344, 346 (1993); Brecheen v. Reynolds, 41
F.3d 1343, 1363 (10th Cir.1994), cert. denied, 515 U.S. 1135, (1995).  Thus, Petitioner is not
precluded from raising claims of ineffective assistance of counsel, even though he has not
previously raised these claims.[2]

6.  I find that Grounds I and III as presented in Petitioner's supporting brief are
procedurally defaulted.  I will grant Petitioner's request, as set out in his reply brief, to amend his
petition by adding ineffective assistance claims regarding alleged violations of the Confrontation
Clause.   Petitioner's initial petition includes a generic claim for ineffective assistance of counsel.
Pet., Grd.XII.  Ground II as presented in Petitioner's brief includes some Confrontation Clause
analysis based on trial counsel's failure to object to hearsay statements and failure to move for
severance, but I will also consider Petitioner's arguments under Grounds I and III which are
appropriate to these issues.

**Ground II - Ineffective Assistance of Counsel - Failure to Object**

7.  The Confrontation Clause of the Sixth Amendment does not necessarily "prohibit the
admission of hearsay statements against a criminal defendant."  Earnest v. Dorsey, 87 F.3d 1123,
1130 (10th Cir. 1996), cert. denied, 117 S.Ct. 527 (1996) (citing Idaho v. Wright, 497 U.S. 805,
813 (1990)). An out-of-court statement may constitutionally be introduced against a defendant

---

[2] On direct appeal the state Court of Appeals struck that portion of Petitioner's reply brief
which argued ineffective assistance based on failure to move for severance.  Ans., Ex. J, That
ruling only cut short Petitioner's ability to present that particular claim on direct appeal, not in a
collateral proceeding.

only if the statement bears adequate "indicia of reliability." Id.; accord, Ohio v. Roberts, 448

U.S. 56, 64 (1980).[3]  Generally, evidence is presumptively reliable if it comes within a firmly

rooted hearsay exception.  Id. at 1331; Ohio, 448 U.S. at 66; White v. Ill., 502 U.S. 346, 356 n.8

("firmly rooted" exceptions to hearsay rule "carry sufficient indicia of reliability to satisfy the

reliability requirement posed by the Confrontation Clause").

8.   Petitioner contends that he was convicted in large part because his trial attorney did

not object to a number of statements of Brown, his co-defendant, that were "clearly inadmissible

against him."  Reply at 3.  In order to prevail on his claims of ineffective assistance of counsel,

Petitioner must show that trial counsel's performance was constitutionally deficient *and* that he

was prejudiced by such deficient performance.  Strickland v. Washington, 466 U.S. 668, 687;

United States v. Cook, 45 F.3d 388 (10th Cir. 1995).  Because counsel did make continuing

objections as to admissibility of Brown's statements against Arbuckle, see e.g., JT 10, RP

254:714, I inquire into counsel's alleged deficiencies on the basis of failure to object on grounds

of hearsay resulting in a violation of Petitioner's rights under the Confrontation Clause or a failure

to object on constitutional grounds.[4]

9.   I agree with Respondent that Petitioner's vagueness in referring to specific statements

of Brown makes it difficult to examine the alleged grounds for error, and so I group the

---

[3]   Petitioner does not argue that unavailability of the declarant (Brown) is at issue here.
See, Martinez v. Sullivan, 881 F.2d 921, 928 (10th Cir. 1989) (unavailability not required when
statement is the out-of-court declaration of a co-conspirator).  Also, it is only a concern when
out-of-court statements are made in prior judicial proceedings, which does not apply here.  White
v. Ill, 502 U.S. 346 (1992); Earnest v. Dorsey, 87 F.3d 1123, 1130 n.5 (10th Cir. 1996).

[4]   I refer to excerpts from the tape recordings of the state proceedings as "JT" to denote
tapes of the Jury trial.  I also include citations to corresponding page numbers in the Record
Proper ("RP") and log number, due to the fact that exact tape references could not be made.

statements into categories according to when they were made and to whom: (1) statements which were made by Brown at different times to two nurses employed at the Gallup Indian Medical Center ("GIMC") and testified to at trial by the nurses; and (2) Brown's statements told to Dr. McClintock when the child was brought into the emergency room at Gallup on April 1, 1994, and was undergoing emergency treatment before being airlifted to Albuquerque.

10.   To support his position, Petitioner refers to <u>Bruton v. United States</u>, 391 U.S. 123 (1968).  <u>Bruton</u> involved a "powerfully incriminating" confession by a co-defendant which was "devastating" as to content and "suspect" as to credibility so as to render the statements within the confession unreliable.  <u>Bruton</u> at 135; <u>see also</u> <u>Lee v. Ill.</u>, 476 U.S. 530 (1986) (Confrontation Clause violated where trial court admitted co-defendant's confession, which was given only after he was told the defendant had already implicated him and which was then used against defendant). As explained below, even if Brown's statements constitute self-incriminating statements, they are still admissible and do not pose an affront to Petitioner's constitutional rights.

11.   Petitioner also cites to <u>Williamson v. United States</u>, 512 U.S. 594 (1994) to argue that Brown's statements were non-self-inculpatory and therefore non-admissible as a statement against penal interest.  Petitioner apparently fails to realize that <u>Williamson</u>'s holding only applies if the statements were admitted as statements against penal interest.  In <u>Williamson</u>, the parties agreed that other exceptions did not apply, including the co-conspirator statement exception under Fed.R.Evid 801(d)(2)(E).  <u>Williamson</u> at 604 n.*, 610 n.*.  Here, Petitioner simply assumes not only that the statements were admitted as statements against penal interest, but also

that no other hearsay exception would apply.[5]  Williamson is not helpful to the present issues also

because the U.S. Supreme Court in Williamson stopped short of a Confrontation Clause analysis,

instead basing its reasoning solely on an analysis of federal evidentiary law under Fed.R.Evid.

804(b)(3).

12.   Examining the statements at issue here, I find they all had sufficient "indicia of

reliability" such that counsel's failure to object on constitutional grounds did not result in a

violation of Petitioner's Sixth Amendment rights.

13. Sherry Poujade, a registered nurse at GIMC, testified to several statements made by

Brown before the abuse was discovered: that she and Arbuckle were short of cash; that they were

under a lot of stress; that Arbuckle was not working but that he did not want to take care of the

baby all day; and that Brown had called the hospital to report that Arbuckle said he wanted to

take the baby out of the hospital when she was hospitalized in mid-March for urinary tract

infection and pneumonia.  JT 5, RP 236:1794-1860.  Poujade had recorded Brown's remarks in

the hospital notes which were part of the hospital records. Although the records were initially

used to refresh Nurse Poujade's memory, Brown's attorney insisted that they be read verbatim.

These statements were clearly admissible under a firmly rooted exception to the hearsay rule--the

business records exception, Fed.R.Evid. 803(6), see U.S. v. Johnson, 971 F.2d 562, 573 (10th

Cir. 1992), and thus did not violate Arbuckle's Sixth Amendment right to confront the witnesses

---

[5]  Objections made by defense counsel as to relevancy and to admissibility were summarily
overruled by the trial judge.  Most of the rulings were inaudible on tape, although some of the
rulings were evidently related to the admission of the hospital records which were already in
evidence and to which parties had stipulated admission.  Tape, Nov.18, 1994 Evid. Hrg., RP 163
(log numbers 421-628); JT 5, RP 236.

against him.[6]

14.   Similarly, notes read by Nurse Pooacha from the hospital chart summarizing a conversation she had with Brown were also admissible for the same reason.[7]  When Brown wanted to stay overnight at the hospital with the baby, Pooacha overheard Arbuckle tell Brown, "If you make a scene here, I'll smack you when we get outside."  JT6; RP 238:375-388. Petitioner's contention that the statement was *also* hearsay as to him has no merit, as his statement to Brown constituted the admission of a party opponent.  See N.M.R. Evid. 11-801(D)(2)(a).  As Respondent aptly puts it, Petitioner was not denied the right to confront himself.

15.   Dr. McClintock's testimony regarding Brown's statements come under more than one firmly rooted hearsay exception.  These statements were made to the doctor in Arbuckle's presence while the doctor was rendering emergency treatment on April 1, 1994, the time the abuse was first discovered.  Brown gave Dr. McClintock several explanations for the baby's injuries: that the baby's feet were "squashed" in a "snugly" when she was shopping at Wal-Mart several days earlier; that she and Arbuckle had been giving the baby a bath earlier that morning and she heard the baby's arms "pop."  JT10; RP 254-45: 860, 1925.

_____

[6]  Although state evidentiary rules governed Petitioner's criminal trial, the inquiry here is whether counsel's alleged deficient conduct resulted in admission of statements in violation of Petitioner's rights under the federal Constitution.  Thus, the "firmly rooted" federal hearsay exceptions discussed here establish reliability either in themselves or in their "showing of particularized guarantees of trustworthiness," which is the other way reliability can be established. See Johnson, 971 F.2d at 572 (citing Ohio v. Roberts, 448 U.S. 56).

[7]  New Mexico also excepts from hearsay records of regularly conducted activity.  N.M.R. Evid. 11-803F..

16.   Dr. McClintock also testified that he sat down with the parents to obtain a medical history of the child, since it appeared as though the baby had sustained "multiple trauma." JT (beginning), RP 253.[8] These statements easily come within statements made for the purpose of medical diagnosis and treatment, another "firmly rooted" exception to the hearsay rule. Fed.R.Evid. 803(4);[9] White, 502 U.S. at 356 n.8.

17.   Statements made to Dr. McClintock and testified to by the doctor also constitute statements made by a co-conspirator and are not considered hearsay at all.  See U.S. v. Wolf et al, 839 F.2d 1387, 1393 (10th Cir. 1988) (statements by wife, convicted of second-degree murder and aiding and abetting second-degree murder of child, were admissible against defendant husband as statements made in course of and in furtherance of conspiracy where they were made to cover up possible abuse of child).  Petitioner's reliance on Wolf actually cuts against his position when he argues that, at best,  Brown's statements are "mere narrative" relating to "past events" of a conspiracy and therefore inadmissible under the exception.  Wolf at 1393.  Yet Wolf, on point with the present case, makes it clear that statements like those Brown made to Dr. McClintock *do* come under the rule, since "statements made by a coconspirator to allay suspicions are admissible."  Id. at 1393.

18.   Brown's "explanations" for the baby's accidents, see JT 16, RP 275: 2625; JT 10, RP 254: 725-860, & 1925, which were plainly inconsistent with the baby's injuries, according to the numerous medical experts who testified, would therefore be admissible under that rule and

_____

[8] Dr. McClintock got police investigators involved afterward because "given the child's injuries, I was . . . highly suspicious of child abuse."  JT 10, RP 254: 600.

[9] New Mexico has an almost identical rule, see N.M.R. Evid. 11-803D.

have sufficient indicia of reliability to withstand Petitioner's contentions of constitutional prejudice.  See  Bourjaily v. United States, 483 U.S. 171 (1987) (no independent inquiry into reliability is required when the statement falls within the co-conspirator exception to the rule against hearsay), cited in Martinez v. Sullivan, 881 F.2d 921, 929 (10th Cir. 1989).[10]

19.    Given the aforementioned reasons, I find that admission of Brown's out-of-court statements were not an affront to Petitioner's Confrontations Clause rights, as they all had the presumed reliability accorded to firmly rooted exceptions to the hearsay rules.  Nor does Petitioner offer any evidence to rebut this presumption.  Accordingly, I find that any waiver of Petitioner's Confrontation Clause rights resulting from counsel's failure to object on constitutional grounds or otherwise preserve the issue did not violate Petitioner's rights of confrontation or otherwise prejudice him.

20.    I need not consider whether counsel's conduct was constitutionally deficient.  Miles v. Dorsey, 61 F.3d 1459, 1475 (10th Cir. 1995) (failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim).  Nevertheless, I note that because the statements would have been admissible under hearsay exceptions, counsel's failure to object on grounds of hearsay does not constitute performance below the objective standard of reasonableness.  Accordingly, Petitioner should be denied relief on this ground.

**(Ground II) - Ineffective Assistance of Counsel - Failure to Move for Severance**

21.    Petitioner also alleges that counsel was ineffective in failing to move for severance of trials.  Severance is a matter within the sound discretion of the trial court.  State v. Peters, 123 N.M. 667, 670 (Ct.App. 1997).  Absent a federal question affecting the validity of the conviction,

---

[10]  The analogous state evidentiary rule is N.M.R. Evid. 11-801D(2)(e).

a petitioner's claim of state court error in ruling on a motion for severance is not a cognizable

claim under § 2254.  Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir.1976).  Here, however

(in the amended version of the petition), Petitioner attributes the error to counsel's ineffective

performance in not moving for a severance, although trial counsel did join with counsel for the

co-defendant in objecting to the joinder.  See Ans., Ex. G at 36.   The claim still fails, for several

reasons, any one of which is sufficient to deny relief.

22.   First, Petitioner's claim that denial of severance of his trial from that of Brown

violated his rights under the Sixth Amendment's Confrontation Clause is based upon his

arguments that evidence was admitted which violated these rights as a result of counsel's deficient

conduct.  See Reply at 20.   I have rejected those arguments.

23. Second, the state Court of Appeals found that joinder of the trials had caused no

prejudice to either defendant.  Ans., Ex. G at 34-37.   Factual findings from state court

proceedings are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. §

2254(e)(1).[11]  State determinations of legal questions or mixed questions of fact and law are now

also given deference unless the "decision" resulting from that adjudication was contrary to clearly

established federal law, involved an unreasonable application of law, or an "unreasonable

determination of the facts in light of the evidence" presented at the state level.  § 2254(d).

24.   The state court found that defendant's contentions pertaining to having conflicting

---

[11]  Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, tit.I, sec.
104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996).  See Lindh v. Murphy, __ U.S. _
_, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after
the Act became effective).  These amendments apply to Petitioner's case, which was filed after the
effective date.

defenses was not enough to constitute prejudice.[12]  Ex. G at 36-37; see State v. Andrada, 82 N.M. 543, 544, cert denied, 82 N.M. 534 (1971).  The finding rested in part on the language of the criminal statute under which defendants were charged.[13]  Because the statute prohibits both the causing *or* permitting of child abuse, see State v. Leal, 104 NM. 506, 509 (Ct.App. 1986) (statute covers the situation where it is not clear which individual actually inflicted the injury), the court found that "it was immaterial which of the two defendants actually inflicted the abuse, or if both of them did."  Ex. G at 36.  Thus, joinder was found not to prejudice Arbuckle.

25.  Third, both New Mexico and federal statutes provide that severance may be granted if the defendant would be prejudiced by joinder.  See S.C.R.A. 5-203(C); Fed.R.Crim.P. 14.  To obtain federal habeas relief, however, petitioner must establish not merely that the joinder of the offenses in a single trial was an abuse of the trial court's discretion, but that the joinder violated his federal constitutional rights.  See Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.1989).

26.  Such prejudice did not occur.  See Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1988) (citing Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir.1990)) (habeas relief not supported "absent fundamental unfairness so as to constitute a denial of due process of law").  Petitioner's constitutional rights were not violated either by the trial court's admission of Brown's statements or by the joinder of the defendants' trials.  Not only were the statements consistent

---

[12]  The state Court of Appeals found that the issue had been waived through counsel's failure to move for severance, yet also found that there was no prejudice based on counsel's arguments underlying the objections to joinder.

[13]  N.M.Stat.Ann § 30-6-1(C) reads in part: "Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1) placed in a situation that may endanger the child's life or health; [or] (2) tortured, cruelly confined or cruelly punished."

with his rights under the Confrontation Clause, but Arbuckle's convictions were supported by sufficient evidence.  See Lucero v. Kerby, 133 F.3d 1299, 1323 (10th Cir. 1998) (finding that petitioner's constitutional rights were not violated by the trial court's admission of his inculpatory statements or by the joinder of the informations, as petitioner's convictions were supported by sufficient evidence).

27.   The record shows that the evidence which came out at trial was overwhelming. Numerous medical experts from different specialties all opined conclusively that the infant's injuries were the result of child abuse.  See Mem. at 6; Ans., Ex. G at 9-28 (containing numerous cites from trial record).  It was also unequivocal that the abuse took place over a period of time before it was finally discovered on April 1, 1994, when Dr. McClintock examined the baby at the emergency room.

28.   Explanations given by Brown (to which Petitioner acquiesced) for the injuries were entirely inconsistent with the medical picture and other evidence, e.g.: JT 9, RP 251: 1140-1190 (investigator from District Attorney's Office dispatched to the house found no signs of a bath for the baby); JT 15, RP 271: 1000-1300 (injuries a result of significant blunt force by breaking or twisting; physician's initial count of 25 fractures, later count climbing to 51 fractures which included older healing fractures); JT 17, RP: 278: 2750 & 2650; JT 18, RP 279: 250 (Arbuckle also relayed the bath incident, adding that he had fallen on the baby the night before while climbing the stairs in the apartment but didn't tell anyone, including Brown, because he was "scared").

29.   Because Petitioner fails to show prejudice resulting from counsel's failure to move for severance, relief on this ground should be denied for all the above reasons.

12

**Ground VI - Ineffective Assistance of Counsel on Appeal**

30.   Petitioner alleges that counsel failed to research effectively and advocate appellate issues.  An appellate advocate may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," even though counsel may have presented strong but unsuccessful claims on appeal.  United States v. Dixon, 1 F.3d 1080, 1083 (10th Cir. 1993)   In this case, however, Petitioner does not say what the alleged "meritorious" claims are, what "prosecutorial misconduct" occurred, or what legal issues were presented on appeal without "adequate legal authority."  Further, counsel's failure to raise ineffective assistance claims on direct appeal is without merit, not only on the basis of the findings here but also because collateral proceedings are the preferred method of raising this type of claim, as noted above.  Conclusory allegations cannot support a habeas claim.  See Hatch v. State, 58 F.3d 1447, 1469 (10th Cir. 1995) ("In order to warrant relief . . . a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim.").  Petitioner should also be denied relief on this ground.

**Ground V - Cumulative Error**

31.   Petitioner argues that the cumulative effect of counsel's errors was to deny him a fair trial.  Cumulative error analysis evaluates the effect only of errors, not the cumulative effect of nonerrors.  U.S. v. Wynne, 993 F.2d 760, 768 (10th Cir. 1993), cited in U.S. v. Cox, 83 F.3d 336, 342 (10th Cir. 1996); accord, Jackson, 143 F.3d at 1324 (citing U.S. v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990) (en banc)).  My findings that counsel's performance was not constitutionally in error warrants denial of relief on this ground as well.

**Ground IV - Cause and Prejudice**

32.   Petitioner contends that ineffective assistance of counsel excuses any procedural

default of claims.  As discussed above, Petitioner has not shown that counsel was ineffective, nor does he present any other evidence to show either cause and prejudice, or a fundamental miscarriage of justice.  Therefore, relief should be denied on this ground.

33.    In sum, I find that relief under Grounds I and III as presented in Petitioner's supporting brief should be denied because they are procedurally defaulted; relief under Ground II should be denied based on the above findings regarding ineffectiveness of counsel both on failure to object and failure to move for severance; relief under Ground IV should be denied based on a finding that there is no finding of cause and prejudice or fundamental miscarriage of justice underlying the defaulted claims; relief under Ground V alleging cumulative error should be denied; and finally, relief under Ground VI should be denied based on insufficient facts to support a claim of ineffective assistance of counsel on appeal.  All grounds raised by Petitioner should be dismissed with prejudice.

### Recommendation

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this cause be dismissed with prejudice.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE